IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Elizabeth Hud** | : | |
| 6470 Drexel Road | : | |
| Philadelphia, PA 19151 | : | **CIVIL ACTION NO.** |
|   Plaintiff | : | |
| | : | |
|  v | : | |
| | : | |
| **Ott Scientific, Inc.** | : | |
| 3805 West Chester Pike | : | |
| Newtown Square, PA 19073 | : | |
| | : | |
|   and | : | |
| | : | |
| **Ethos Biosciences, Inc.** | : | |
| 3805 West Chester Pike | : | |
| Newtown Square, PA 19073 | : | |
| | : | |
|   and | : | |
| | : | |
| **Astral Diagnostics** | : | |
| 2070 Center Square Road | : | |
| Logan Township, NJ 08085 | : | |
| | : | |
|   **Defendants** | : | |

_____

COMPLAINT FOR VIOLATIONS OF AGE DISCRIMINATION IN
EMPLOYMENT ACT, SEXUAL DISCRIMINATION

I.   PARTIES AND JURISDICTION

1. Elizabeth Hud (Plaintiff) is a resident of Philadelphia, Pennsylvania and a citizen of the United States.

2. Ethos Biosciences, Inc. is a Pennsylvania corporation with its headquarters in Newtown Square, Pennsylvania.

1

3. Astral Diagnostics is a Pennsylvania corporation with its headquarters in Logan Township, New Jersey.
4. Ott Scientific, Inc. is a Pennsylvania corporation with its headquarters in Newtown Square, Pennsylvania.
5. Ethos Biosciences, Inc. and Astral Diagnostics at all times material have been subsidiaries of Ott Scientific, Inc.
6. This Court has jurisdiction by virtue of 29 U.S.C. 626 (c) (1), 42 U.S.C. 1331, 1343 (a) (4).
7. At all times material Ott Scientific, Inc. and its subsidiaries have had more than twenty employees and affected interstate commerce.
8. Plaintiff has satisfied all of the Procedural and Administrative requirements set forth in 29 U.S.C. 626 in particular.
9. Plaintiff has filed a timely charge with the Equal Employment Opportunity Commission.
10. These charges were filed more than 60 days prior to the filing of this action.
11. The Equal Employment Opportunity Commission issued the Plaintiff a Right to Sue letter (attached as Exhibit A) dated 02/16/22.
12. Proper venue is in the Eastern District of Pennsylvania because the unlawful action occurred within that District.

II. ELIZABETH HUD v ALL DEFENDANTS (AGE DISCRIMINATION)

13. Paragraphs 1 through 12 are incorporated herein as if set forth in their entirety.
14. At all times material Plaintiff was employed by Ott Scientific, Inc. and its subsidiaries Ethos Bioscience, Inc. and Astral Diagnostics.
15. Plaintiff was sixty-four and a half when she was discharged on July 15, 2001.

16. At all time material, Plaintiff was the only female scientist working for Ethos Biosciences, Inc. in Research and Development in Newtown Square, Pennsylvania.
17. Plaintiff had worked for the Defendants and their predecessor companies for approximately 35 years when the Plaintiff was discharged.
18. The pretextual reason furnished to the Plaintiff for her discharge was her alleged lack of productivity.
19. But for the age of Plaintiff she would not have been discharged by the Defendants.
20. Defendants' discharge of Plaintiff was in violation of the Age Discrimination statute.
21. The discharge of the Plaintiff by the Defendants was willful in that the Defendants knew the Plaintiff's age when she was discharged and that the reason for her discharge was pretextual.
22. Two neophyte trainees were assigned the task of finishing the Plaintiff's work projects.  The training of these two employees had been the responsibility of the Plaintiff prior to her discharge.
23. Both neophyte trainees were in their twenties when Plaintiff was discharged and they were assigned her work projects. These two neophyte trainees were expected to replace Plaintiff.
24. After Plaintiff's termination, agents of the Defendants furnished the Plaintiff's "notebooks" to the neophyte trainees.  The trainees needed this help in order to complete the work of the Plaintiff, who had approximately thirty-five years experience with the Defendants and their predecessors.  The neophytes were not able to finish the project.
25. The Plaintiff was in the protected age category.

26. The Plaintiff suffered an adverse action of being discharged by the Defendants.
27. The reason furnished by the Defendants for the termination of the Plaintiff was pretextual and but for her age, the Plaintiff would not have been terminated.
28. While there was no comparator to the Plaintiff, her job duties were given to two neophyte scientific trainees, approximately thirty years younger than Plaintiff. The trainees were unable to finish the project.
29. The Defendants intended to discriminate against the Plaintiff in reaching its decision to terminate the Plaintiff and the circumstantial evidence indicates that the discharge occurred under circumstances giving rise to an inference of age discrimination.
30. Plaintiff has suffered, is now suffering and will continue to suffer irreparable injury as a result of the actions of the Defendants' actions.

WHEREFORE, Plaintiff prays for the following legal and equitable remedies:

    a. Defendants be ordered to employ and reemploy Plaintiff in the position from which Plaintiff was discharged, together with all benefits incident thereto, including but not limited to wages, benefits, training and seniority.

    b. Front pay considering that the Plaintiff was terminated at age 65, at an age which the Plaintiff has been unable to obtain a comparable job.

    c. Defendants be required to compensate the Plaintiff for the full value of wage and benefits that Plaintiff would have received had it not been for Defendants unlawful treatment of the Plaintiff, with interest, until the date Plaintiff is offered

  reemployment into a position substantially equivalent to the one Plaintiff occupied on July 15, 2021, prior to her illegal termination.

  d. That a final judgment in favor of the Plaintiff and against Defendants be entered for liquidated damages in an amount equal to the amount of wages and benefits due and owing Plaintiff as provided by 29 U.S.C. Section 626 (b) and 216 (b).

  e. That the Defendants be enjoined from discriminating against the Plaintiff in any manner that violates the Age Discrimination in Employment Act.

  f. That the Plaintiff be awarded from the Defendants the costs and expenses of this litigation and reasonable attorney fees.

  g. That the Plaintiff be granted such further legal and equitable relief as the Court may deem just and proper.

ELIZABETH HUD v DEFENDANTS' VIOLATION OF TITLE VII OF THE 1964 CIVIL RIGHTS ACT (AS AMENDED) (SEX DISCRIMINATION)

31. Paragraphs 1 through 30 are incorporated herein as if set forth in their entirety.

32. This Court has jurisdiction by virtue of Title 29 U.S.C.A. Section 2000 (e) et seq., and 42 U.S.C.A. 1331 and 42 U.S.C.A. 1342 (a)(4).

33. At all times material, Plaintiff was a female.

34. At all times material, Plaintiff Hud was the only female Senior Scientist employed at the Newtown Square facility.

35. The discharge of Plaintiff on July 15, 2021 was motivated and caused, in part, because of the sex of the Plaintff.

36. In discharging the Plaintiff, Defendants violated 29 U.S.C.A. 2000 (e) et seq.

WHEREFORE, Plaintiff prays that the Court grant the following remedies:

   a. Injunctive relief to prohibit the Defendants from engaging again in sex discrimination.
   b. Reinstatement of the plaintiff to a comparable job from which she was illegally terminated.
   c. Back pay and benefits for all of the time between the illegal termination of the Plaintiff until the Plaintiff begins a comparable job.
   d. Front pay to compensate Plaintiff for the anticipated future damages Plaintiff will suffer because of the illegal discharge by the Defendants.
   e. Compensatory damages including pecuniary and non-pecuniary losses including suffering, mental anguish, inconvenience and loss of enjoyment of life by the Plaintiff.
   f. Punitive damages in accordance with law because the Defendants engaged in the discriminatory practice with malice or with reckless indifference to the rights of the Plaintiff.
   g. Any other remedy, legal or equitable, which the Court deems necessary and proper.

IV. ELIZABETH HUD v DEFENDANT (RETALIATION)

37. Paragraphs 1 through 36 are incorporated herein by reference.
38. Several times in the period immediately prior to the discharge of Plaintiff, Plaintiff complained to various managerial personnel of the Defendants' unwillingness to allow Plaintiff, a woman, to express her opinions concerning a project that Plaintiff had responsibility for.
39. On several occasions Plaintiff was belittled, spoken over and insulted by Defendants' managerial personnel.
40. The discharge of Plaintiff was in close temporal proximity to the Plaintiff's attempting to voice her opinion on the project on which she was involved. Such attempts were met by belittling, being spoken over and insulted by Defendants' managerial personnel.

41. Plaintiff would not have been discharged by Defendants but for Plaintiff complaining about the treatment she received as the sole female scientist at the Newtown Square facility.  Such complaints arose from discrimination against her as a woman.

42. The discharge of Plaintiff was caused, in part, because the Defendants' managerial personnel retaliated against Plaintiff because she complained about the discriminatory treatment that she recevied as the sole senior female scientist employed at Newtown Square.

43. But for Plaintiff asserting herself in discussions concerning projects in which she was engaged she would not have been terminated.

44. The discharge of Plaintiff for voicing her opinion as a woman was cause for the discharge of Plaintiff and as such violated the retaliation provision of Title VII 2000 (e) (5), et al.

WHEREFORE, Plaintiff prays that the Court enter judgment against the Defendants and order Defendants to pay Plaintiff back pay, including all wages and benefits she would have earned but for the unlawful retaliation by the Defendants, enjoin the Defendants from engaging in such retaliatory conduct in the future, front pay because of the difficulty of a 65 year old scientist obtaining a comparable job, reinstatement if the Court fines that remedy necessary, punitive damages, costs of the litigation, a reasonable attorney fee, funds because of negative tax consequences which may accrue to the Plaintiff and any other remedy, legal or equitable, which Court finds is legally proper.

| | |
|---|---|
| 03/28/2022<br>Date | s/ Howard K. Trubman, Esq.<br>Howard K. Trubman, Esq<br>Attorney for the Plaintiff<br>1650 Market St., Suite 3637<br>Philadelphia, PA 19103<br>215-206-5306<br>PA State Bar Number 24696 |

# EXHIBIT A

EEOC Form 161-B (11/09)   **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Mrs. Elizabeth A. Hud<br>6470 Drexel Rd<br>**PHILADELPHIA, PA 19151** | From: | **Philadelphia District Office<br>801 Market St ,Suite 1000<br>Philadelphia ,Pennsylvania ,19107** |
|---|---|---|---|

| EEOC Charge No.<br>**530-2021-04264** | EEOC Representative<br>**Legal Unit,** | Telephone No.<br>**267-589-9707** |
|---|---|---|

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

    Less than 180 days have elapsed since the filing date. I certify that the Commission's processing of this charge will not be completed within 180 days from the filing date.

    The EEOC is terminating its processing of this charge.

*Age Discrimination in Employment Act (ADEA): You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** \*of your receipt of this Notice.\*  Otherwise, your right to sue based on the above-numbered charge will be lost.*

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*[signature: Karen McDonough]*   02/16/2022

Enclosures(s)   **Karen McDonough,<br>Enforcement Manager**   *(Date Issued)*

cc:   **Grant Morrison<br>Director of Human Resources<br>ETHOS BIOSCIENCES<br>3605 West Chester Pike<br>Newtown Square, PA 19073**

    **Howard K Trubman<br>Personal Injury and Employment Law Center, LLC<br>1650 Market Street Suite 3637<br>PHILADELPHIA, PA 19102**